UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE CLUBB,

    Plaintiff,

v.

MARINETTE COUNTY, SHERIFF JERRY SAUVE,
JOHN DOES 1-10, ADVANCED CORRECTIONAL
HEALTHCARE, INC., BRIAN WRUK,
ASHLEY ELAND, DOCTORS 1-10, NURSES 1-10,
WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY, ARAMARK SERVICES, INC.,
ABC INSURANCE COMPANY, DEF INSURANCE
COMPANY, GHI INSURANCE COMPANY, and
JKL INSURANCE COMPANY,

    Defendants.

Case No.: _____

## COMPLAINT

NOW COMES Plaintiff, JESSE CLUBB, by his attorneys, Cade Law Group LLC, and as and for his complaint against the Defendants, alleges and shows to the Court as follows:

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the Plaintiff's rights guaranteed by the United States Constitution and the Eighth and Fourteenth Amendments.

2. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1332, 1343(a)(3), 1342(a)(4), and 1367(a), as alleged *infra*.

3. At all times mentioned herein, all Defendants were acting under color of state law, or rights secured to plaintiff by the Eighth and Fourteenth Amendments to the United

States Constitution and the laws of the United states. This Court has supplemental jurisdiction over these claims asserted under state law by virtue of 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the events complained of arose in this judicial district, and the Defendants work or are located in this District.

## THE PARTIES

5. Plaintiff Jesse Clubb ("Clubb") is a citizen of the State of Michigan, and resides at 404 2nd Street, Menominee, Michigan 49858. Clubb previously was an inmate at the Marinette County Jail. As alleged more fully below, Clubb suffered a dental injury as the result of being denied dental care while an inmate.

6. Defendant Marinette County ("County") is a municipal entity in the State of Wisconsin and is located at 1926 Hall Avenue, Marinette, Wisconsin 54143. Marinette County, through the Marinette County Sheriff's Department ("Department"), manages, oversees and operates the Marinette County Jail ("Jail"), including the responsibility to provide medical care to prisoners and others in the custody of the Department. Further, the Department was responsible for the confinement, maintenance and medical care of all persons confined at the Jail. Marinette County is responsible for the training, supervising and disciplining of Jail employees and Department employees, adopting, implementing and enforcing Jail policies and practices, and ensuring jail conditions and treatment of detainees comply with United States Constitution and other federal, state and local laws, as well as written jail policies. Marinette County is liable for the Jail's policies, practices and customs that caused the harm alleged herein. Pursuant to Wis. Stat. § 895.46(1)(a), Marinette County is required to pay or indemnify all judgments, including compensatory

and punitive damages, attorney's fees and costs that that may be awarded against its officials, employees and agents.

7. Defendant Jerome T. Sauve a/k/a Jerry Suave ("Suave"), at all times material, was the Sheriff of Marinette County and the head of the Department. As the Sheriff, Sauve is responsible for the health, safety, welfare and human treatments of all inmates at the Jail. Pursuant to Wis. Stat. § 302.336(2), Sauve was responsible for the confinement, maintenance and medical care of all persons confined at the Jail. Sauve is responsible for the training, supervising and disciplining of Jail employees and Department employees, adopting, implementing and enforcing Jail policies and practices, and ensuring jail conditions and treatment of detainees comply with United States Constitution and other federal, state and local laws, as well as written jail policies. At all times relevant here, Sauve had personal knowledge of the defacto policies, practices and customs of inadequate medical care and/or the failure to provide any medical care at the Jail, amongst other defacto policies referred to herein. Sauve's principal place of business is at 2161 University Drive, Marinette, WI 54143.

8. Defendants John Does 1 to 10, upon information and belief, are adult citizens of the State of Wisconsin and employees of either Marinette County or the Department, responsible for the health, safety, security, welfare and humane treatment of all inmates housed at the Jail, including Clubb. Their identities are unknown presently. The Complaint will be amended to identify them by names when their identities are discovered.

9. Collectively, defendants Marinette County, Sauve and John Does 1-10 shall be referred to as the "County Defendants," unless otherwise stated.

10. Defendant Advanced Correctional Healthcare, Inc. ("Advanced"), upon information and belief, is an Illinois Corporation licensed to do business in the State of

Wisconsin and has a principal business address at 3922 W. Baring Trace, Peoria, IL 61615. Upon information and belief, Advanced's registered agent in the State of Wisconsin is C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

11. Brian Wruk, upon information and belief, was at all material times a sergeant deputy employed by the Department, and a citizen of the State of Wisconsin. Sgt. Wruk's home address is unknown at this time.

12. Defendant Ashley Eland, upon information and belief, was at all material times a nurse employed by Advanced and/or the County, who provided medical care to Clubb, and a citizen of the State of Wisconsin. Nurse Eland's home address is unknown at this time.

13. Defendants Doctors 1 to 10 are adults and employees of Advanced or independent contractors hired by Advanced, responsible for the health, safety, security, welfare and humane treatment of all inmates housed at the Jail, including Clubb, pursuant to the Contract and acting within the scope of their employment. Their identities are unknown presently. The Complaint will be amended to identify them by names when their identities are discovered.

14. Defendants Nurses 1 to 10 are adults and employees of Advanced or independent contractors hired by Advanced, responsible for the health, safety, security, welfare and humane treatment of all inmates housed at the Jail, including Clubb, pursuant to the Contract and acting within the scope of their employment. Their identities are unknown presently. The Complaint will be amended to identify them by names when their identities are discovered.

15. Defendant Wisconsin County Mutual Insurance Company ("Wisconsin County Mutual") is a domestic insurance corporation authorized and licensed to do

business in the State of Wisconsin for purposes of issuing insurance coverage policies, using David Bisek of Aegis Corporation as its registered agent, doing business at offices located at 18550 West Capitol Drive, Brookfield, Wisconsin 53045. Upon information and belief, Wisconsin County Mutual issued a policy of liability insurance to County, Sauve and Department, and all their employees and/or agents thereof. By the terms of said policy, Wisconsin County Mutual agreed to pay any and all sums for which County, Sauve and Department and/or their agents and employees might be held legally liable for injuries or damages caused by County, Sauve, Department and/or their employees and agents. Upon information and belief, said Wisconsin County Mutual insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, ABC is a proper party to this action.

16. Aramark Services, Inc. ("Aramark"), upon information and belief, is a Pennsylvania Corporation licensed to do business in the State of Wisconsin and has a principal business address at 2400 Market Street, Philadelphia, PA 19103. Upon information and belief, Aramark's registered agent in the State of Wisconsin is C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

17. Defendant ABC Insurance Company, upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, prior to and including all relevant times herein, ABC issued a policy of liability insurance to Marinette County and all its employees and/or agents thereof. By the terms of said policy, ABC agreed to pay any and all sums for which Marinette County and/or its agents and employees might be held legally liable for injuries or damages caused by Marinette County and/or its employees and agents. Upon

information and belief, said ABC insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, Wisconsin County Mutual is a proper party to this action.

18. Defendant DEF Insurance Company, upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, prior to and including all relevant times herein, DEF issued a policy of liability insurance to Advanced and all its employees and/or agents thereof. By the terms of said policy, DEF agreed to pay any and all sums for which Advanced and/or its agents and employees might be held legally liable for injuries or damages caused by Advanced and/or its employees and agents. Upon information and belief, said DEF insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, DEF is a proper party to this action.

19. Defendant GHI Insurance Company, upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, prior to and including all relevant times herein, GHI issued a policy of liability insurance to Nurse Eland, Doctors 1-10 and Nurses 1-10 and all their employees and/or agents thereof. By the terms of said policy, GHI agreed to pay any and all sums for which Doctors 1-10 and/or their agents and employees might be held legally liable for injuries or damages caused by Doctors 1-10 and/or its employees and agents. Upon information and belief, said GHI insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, GHI is a proper party to this action.

20. Defendant JKL Insurance Company, upon information and belief, is a domestic insurance company duly conducting business in the State of Wisconsin and is engaged in the business, among other things, of issuing policies of insurance within the State of Wisconsin. Upon information and belief, prior to and including all relevant times herein, JKL issued a policy of liability insurance to Aramark. By the terms of said policy, JKL agreed to pay any and all sums for which Aramark and/or its agents and employees might be held legally liable for injuries or damages caused by any such liability. Upon information and belief, said JKL insurance policy was in full force and effect during all time periods relevant here. Pursuant to Wis. Stat. § 803.04, JKL is a proper party to this action.

21. Upon information and belief, County and/or Department and Advanced entered into a contract ("Contract") by which Advanced agreed to provide and be responsible for the medical care at the Jail on behalf of County and Department.

22. Upon information and belief, Aramark has a contract ("Food Contract") with the County and/or the Department to supply food services to the Jail, and pursuant to that Food Contract, is responsible for all aspects of food preparation and safety, including for the accounting of all tools and equipment used in the Jail's kitchen, including all cutting boards.

23. On July 18, 2019, written Notice of Injury was sent to Sheriff Jerry Suave and Ms. Kathy Brandt. Attached hereto and incorporated herein as **Exhibit A** is a true and correct copy of the Notice of Injury.

24. A Notice of Claim, dated July 19, 2020, was served on Marinette County and the Marinette County Sheriff's Department. Attached hereto and incorporated herein as **Exhibit B** is a true and correct copy of the Notice of Claim that was served on the County and Department. Contained within Exhibit B and **Exhibits 1 through 5**, which are exhibits

used for the Notice of Claim and incorporated herein.

25.  The Marinette County Board considered the Notice of Claim on May 26, 2020. A Notice of Disallowance, dated June 11, 2020, was issued to Clubb. Attached hereto and incorporated herein as **Exhibit C** is a true and correct copy of the Notice of Disallowance.

## STATEMENT OF FACTS

26.  Clubb was in the custody of the Jail on September 13, 2018.

27.  While eating a meal at the Jail on September 13, Clubb bit into a piece of hard plastic that appeared to be from a cutting board. As a result of biting into his meal and the piece of hard plastic, Clubb broke his tooth.

28.  Had Aramark actually inspected all of its cutting boards, it would have discovered that one was heavily damaged and would have searched for the missing piece to prevent injury or death to Jail inmates, including Clubb.

29.  Clubb turned the hard piece of plastic over to Sgt. Brian Wruk, who admitted that he received the piece of hard plastic from Clubb, yet he turned it over to the "kitchen" rather than preserving it. Attached hereto and incorporated herein as **Exhibit 1** is a true and correct copy of a July 19, 2019 email from Sgt. Wruk.

30.  Clubb filed an Inmate Grievance Form on September 14, 2018, complaining about the pain to his tooth. Attached hereto and incorporated herein as **Exhibit 2** is a true and correct copy of a September 14, 2018 Inmate Grievance Form

31.  After he complained about his tooth, Clubb was provided Tylenol by medical staff with Advanced on several occasions, rather than taken immediately to see a dentist to treat the broken tooth.

32. In fact, according to records obtained from Marinette County, nurse Ashley Eland noted on September 24, 2018 that Clubb had broken teeth based on her observation. Attached hereto and incorporated herein as **Exhibit 3** is a true and correct copy of Clubb's Dental Progress Note and County Jail Sick Call request, dated September 24, 2018.

33. Despite numerous complaints, Clubb was not taken to see a dentist until October 19, 2018, or 37 days later, where he was prescribed Clindamycin to treat the infection that had developed.

34. Subsequently, Clubb again went to the dentist on October 25, 2018, when he had three of his teeth removed. The two other teeth that were removed were infected because of the failure to treat the broken tooth. Attached hereto and incorporated herein as **Exhibit 4** is a true and correct copy of Clubb's Dental record from Magnin, Oberdorfer & VanLaanen Family Dentistry.

35. Clubb filed at least 5 grievances with the Jail complaining about his treatment and the lack of appropriate medical care.

36. The County Defendants were negligent in their failure to supervise Aramark, the food vendor, with regards to the plastic cutting board finding its way into Clubb's food.

37. The County Defendants were negligent in their failure to supervise Advanced Correctional for the failure to provide appropriate dental treatment to Clubb for 42 days, resulting in the loss of two additional teeth, and perhaps, other teeth soon because of the infection.

38. As a direct and proximate result of the intentional, reckless and/or negligent acts and omissions of the County Defendants, which acts and omissions were carried out under the authority of Marinette County, Clubb suffered disability, pain, and suffering.

39. Marinette County had constructive knowledge of the injuries to Clubb based

- 9 -
Case 1:20-cv-01683-WCG   Filed 11/08/20   Page 9 of 17   Document 1

on his oral and written complaints of September 13 and 14, 2018. *See* Exhibits 1 and 2.

40. Upon information and belief, the Department has a defacto policy of not providing adequate medical care to inmates, and more specifically, has a defacto policy of refusing to provide outside medical care to its inmates. The employees and agents of the Department enforce this defacto policy by refusing to allow inmates to receive outside medical care.

41. But for the delay in providing medical treatment to Clubb, his teeth would not have required retraction and removal.

## COUNT 1
### Deliberate Medical Indifference/Failure to Provide Adequate Medical Treatment - 42 U.S.C. § 1983
### (Against County Defendants and Advanced)

42. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated here.

43. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated here.

44. Defendants are aware or should know that prisoners and other persons in their custody require timely medical treatment.

45. Defendants were aware that Clubb was injured and that he required subsequent medical treatment.

46. Clubb complained incessantly about his injuries and demanded that Defendants provide him medical care.

47. Defendants failed to provide or allow Clubb to seek medical treatment for his injuries and were deliberately indifferent to his injuries.

48. The responsibility for providing medical treatment to Clubb was on County, Department, Advanced, John Does 1-10, Doctors 1-10 and Nurses 1-10.

49. Defendants County and Advanced failed to have adequate policies and procedures in place for medical treatment of inmates who required care that could not be provided at the Jail.

50. Plaintiff alleges on information and belief that all Defendants associated with County, Department and Advanced unreasonably withheld necessary medical treatment and care from Clubb during his incarceration at the Jail.

51. Plaintiff alleges on information and belief that all Defendants associated with County, Department and Advanced failed to provide the necessary medical treatment and care to Clubb during his incarceration at the Jail.

52. At all relevant times, Defendants, in failing to provide or unreasonably withholding medical care and treatment to Clubb, have acted under color of State law to deprive Clubb of his federal and state constitutionally-protected rights, including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. The injuries Clubb suffered, including conscious pain and suffering, trauma from his physical injuries, emotional anguish and future pain and suffering, are the direct result of Defendants' failure to provide or unreasonably withholding adequate medical care and treatment to Clubb.

53. Clubb has been injured in an amount to be determined by a jury.

54. By virtue of 42 U.S.C. § 1988, Clubb is entitled to and does demand an award of reasonable attorney fees and costs according to proof.

### COUNT 2
### Failure to Train and Supervise
### (Against County, Department and Sauve – pursuant to Wis. Stat. § 1983)

55. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

56. Defendants John Does 1-10, Doctors 1-10 and Nurses 1-10 were negligent and derelict in their duties and responsibilities, whether by law or pursuant to the Contract.

57. These Defendants actions resulted in an injury to Clubb, and caused him pain and suffering, among other things.

58. At all material times to this Complaint, County, Department and Advanced had a duty to hire and supervise properly trained personnel to provide adequate and appropriate medical care to inmates at the Jail, including Clubb.

59. But for the failure of County, Department and Advanced to properly supervise their agents, contractors and employees, Clubb would not have suffered his injuries and great conscious pain and suffering, and other forms of damages.

60. As a direct and proximate result of the negligence of Defendants County, Department and Advanced, Clubb has suffered conscious pain and suffering, great physical and emotional pain and suffering, medical expenses, among other damages, in an amount to be proven at trial.

### COUNT 3
### Negligence
### (Against all non-Insurance Defendants)

61. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

62. Defendants all owed Clubb a duty of care as an inmate at the Jail.

63. Defendants failed to exercise and breached their duty of care owed to Clubb by failing to provide him adequate medical care with regards to his injuries, and especially with regards to the injuries to his teeth.

64. Defendants also breached their duty of care that they owed to Clubb by their actions and inactions.

65. As a result of this breach of the duty of care, Defendants' actions are a substantial cause of conscious pain and suffering suffered Clubb and increased his mental pain and anguish.

66. By reason of the foregoing and in other respects not enumerated herein, Defendants violated the standard of care owed to Clubb and were negligent.

67. Clubb's injuries were solely and proximately caused by the negligence of the Defendants.

68. As a direct result of the actions and inactions of the Defendants, Clubb has suffered conscious pain and suffering and suffered damages in an amount to be determined at trial.

### COUNT 4
### Violation of Wis. Stat. 101.11 (Safe Place Claim)
### (Against County Defendants, Advanced and Aramark)

69. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

70. County, Department, Advanced and Aramark are all considered to be an "employer" as that term is defined in Wis. Stat. § 101.11.

71. County and Department are considered to be "owners" as that term is defined in Wis. Stat. § 101.11.

72. The Jail is considered a "place of employment" and a "public building" as those term are defined in Wis. Stat. § 101.11.

73. Clubb is considered a "frequenter" as that term is defined in Wis. Stat. § 101.11.

74. By failing to keep the provide adequate medical care to inmates at the Jail, County, Department, Advanced and Aramark have violated the Wisconsin Safe-Place Statute, Wis. Stat. § 101.11.

75. As a result of the County Defendants, Advanced and Aramark's violation of Wisconsin Safe-Place Statute, Clubb has suffered damages in an amount to be determined at trial.

## COUNT 5
### Municipal (*Monell*) Liability
### (Against County, Sauve and Advanced – pursuant to Wis. Stat. § 1983)

76. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

77. Prior to September 13, 2018, Defendants County, through Sauve and other supervisory members of the Department, and Advanced knew, based upon numerous complaints by inmates of the Jail, that the Department failed or refused to provide adequate medical care to inmates of the Jail.

78. Prior to September 13, 2018, Defendants County, through Sauve and other supervisory members of the Department, and Advanced knew, based upon numerous complaints by inmates of the Jail, that Advanced failed or refused to provide adequate medical care to inmates of the Jail.

79. Despite this knowledge, Defendants County, through Sauve and other supervisory members of the Department, and Advanced failed to take those steps necessary to provide adequate training and/or supervision to the Department's or Advanced's employees and agents to ensure that inmates of the Jail received adequate medical care as required by federal, state, and local law, and the United States Constitution.

80. Defendants County, Sauve and/or Advanced's failure to provide adequate medical care amounts to a deliberate indifference on the party of County, through Sauve and the Department, and Advanced to the constitutional rights of Clubb and others similarly situated inmates of the Jail.

81. The deliberate indifference of County, through Sauve and/or other supervisory members of the Department, and Advanced to the constitutional rights of inmates as to adequate medical care, despite repeated complaints and demands, directly and proximately caused Clubb, with respect to the allegations contained herein, to sustain pain, suffering, disability, embarrassment, humiliation, distress and a deprivation of his constitutional rights in an amount to be determined at trial.

## COUNT 6
### State Law Indemnification
### (Against Defendant Washington County)

82. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

83. Pursuant to Wis. Stat. § 895.46, Defendant Washington County is obligated to pay any tort judgment for damages for which its employees are liable for acts occurring within the scope of their employment.

84. At all times material hereto, Defendants Washington County, Sauve and Does 1-10, as alleged herein, committed the acts under color of law and within the scope of their employment with Defendant Washington County.

## COUNT 7
### Direct Action Statute – Wis. Stat. § 632.24
### (Against Defendant Insurance Companies)

85. Clubb incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully stated and alleged herein.

86. At all material times and upon information and belief, all non-insurance defendants had in full force and effect one or more policies of insurance that provided coverage to each of them, insuring them against liability for their negligence and the negligence of their agents and employees, and agreeing to pay any and all amounts that Defendants and their agents and employees may become legally obliged to pay for the aforementioned damages.

87. Pursuant to Wis. Stat. §803.04, Defendants Wisconsin County Mutual, ABC, DEF, GHI and JKL are proper parties to this action.

88. Pursuant to Wisconsin's Direct-Action Statute, Wis. Stat. §632.24, Clubb is allowed to maintain this lawsuit directly against Defendants Wisconsin County Mutual, ABC, DEF, GHI and JKL.

## COUNT 8
### Negligence
### (Against Aramark)

89. Clubb repeats and realleges the allegations contained in the preceding paragraphs as if fully stated herein.

90. Aramark, as the food provider to the Jail, owed Clubb and the other inmates a duty to ensure that foreign objects, such as the hard-plastic cutting board, did not get into the food of the inmates at the Jail.

91. Aramark breached its duties to Clubb and the other inmates by failing to prevent foreign objects from getting into the food supplied to Clubb and the other inmates.

92. Aramark's breached of its duties was a direct cause of Clubb's broken tooth and subsequent extraction of his teeth.

93. As a result of Aramark's breached of its duties, Clubb was injured in an amount to be determined at trial, but more than $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment in an amount equal to Plaintiff's compensatory damages, and past and future medical expenses and pain and suffering, in an amount to be proven at trial;

2. For any economic and non-economic damages not specifically enumerated herein;

3. For punitive damages, to be awarded by a jury;

4. For the costs, disbursements and expenses incurred by Plaintiff in bringing this action, including any actual attorney's fees pursuant to 42 U.S.C. § 1988;

5. For interest, attorney's fees and costs; and,

6. For such other relief as may be just and equitable

Dated this 8th day of November, 2020.

          **CADE LAW GROUP LLC**

          By: s/Nathaniel Cade, Jr.
            Nathaniel Cade, Jr.
            P.O. Box 170887
            Milwaukee, WI 53217
            (414) 255-3802 (phone)
            (414) 255-3804 (fax)
            nate@cade-law.com

          Attorneys for Plaintiff

**PLAINTIFF DEMANDS A TRIAL BY JURY OF TWELVE**