# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

**JESSE CLUBB,**

                    **Plaintiff,**

                                                    **Case No. 20-cv-1683**

**v.**

**MARINETTE COUNTY,** *et al.*,

                    **Defendants.**

---

## ADVANCED CORRECTIONAL HEALTHCARE, INC.'S
## BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

---

Defendant Advanced Correctional Healthcare, Inc. (hereinafter "ACH"), by its counsel, respectfully submits this Brief in Support of Defendant's Partial Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.  INTRODUCTION

As more fully set forth herein, Counts 1 and 4 of Plaintiff's Complaint fails to state a claim upon which relief can be granted as: (1) Plaintiff cannot assert a direct claim against ACH under 42 U.S.C. § 1983 as liability against a corporate entity may arise only through a corporate policy, practice or custom; and (2) his safe place claim fails as he does not allege negligent construction, repair, or maintenance by ACH, but instead asserts claims of inadequate medical care.

### II.  FACTUAL BACKGROUND

According to the facts alleged in his Complaint, which for the purposes of this motion only must be accepted as true,[1] Plaintiff claims he was incarcerated at Marinette County Jail ("Jail") in

---

[1] Defendant disputes many of the facts as alleged in Plaintiff's Complaint.

2018.  See Compl. (Doc. No. 1), ¶¶ 6, 26.  Defendant Marinette County manages, oversees, and operates the Jail and ensures that conditions there comply with federal, state, and local laws.  Id., ¶ 6.  Marinette County contracts with ACH, a private corporation, to provide medical care at the Jail.  Id., ¶¶ 10, 21.

On September 13, 2018, Plaintiff reportedly broke a tooth when he bit a piece of plastic in his food.  Id., ¶ 27.  He complained of tooth pain on September 14, 2018 but was only provided with Tylenol by ACH medical staff rather than taken to a dentist.  Id., ¶¶ 30-31.  Plaintiff was seen by Defendant Ashley Cromell (formerly known as Ashley Eland), an ACH nurse, on September 24, 2018.  She observed that he had broken teeth.  However, Plaintiff did not see a dentist until October 19, 2018.  Id., ¶¶ 12, 32-33.  On October 25, 2018, the dentist removed three of Plaintiff's teeth.  Id., ¶ 34.

As discussed below, Plaintiff asserts a number of claims against ACH.  However, both his direct claim for constitutional liability under 42 U.S.C. § 1983 in Count 1 and his safe place claim pursuant to Wis. Stat. 101.11 in Count 4 fail as a matter of law and must be dismissed, with prejudice.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a district court to dismiss an action for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2008)).  The Supreme Court explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual

2

allegations to support the legal claims asserted.  Id. at 678-80.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678. Ultimately, to survive a motion to dismiss, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

IV.     ARGUMENT

   A. Section 1983 Liability Requires an Unconstitutional ACH Policy, Practice,
      or Custom.

In Count 1 of his Complaint, Plaintiff alleges ACH knew of his injuries, failed to provide him with adequate medical treatment, and was deliberately indifferent to his injuries.  See Compl. (Doc. No. 1), ¶¶ 45-47, 52.  Plaintiff asserts a separate Monell claim against ACH in Count 5.  Id., ¶¶ 76-81.  However, constitutional liability against an entity such as ACH may only arise from an unconstitutional policy, practice or custom.

"'[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives' by [municipal] policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinatti, 475 U.S. 469, 483-484 (1986)).  "[A] municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton, 489 U.S. at 388-89; Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694 (1978); Polk County v. Dodson, 454 U.S. 312, 326 (1981).  For entity liability to attach, a constitutional violation must be brought about by (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with "final policymaking authority." Darchak v. City of Chicago Bd. of Educ., 580 F.3d 622, 629 (7th Cir. 2009).  The inclusion of "custom" along with "policy" recognizes that the practices of government officials can, "although not authorized by written

3

law[,] … be so permanent and well settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 691.

The Seventh Circuit has repeatedly held that "a private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." Shields v. Ill. Dep't. of Corr., 746 F.3d 782, 789 (7th Cir. 2014); see also Glisson v. Ind. Dep't. of Corr., 849 F.3d 372, 378-79 (7th Cir. 2017). Moreover, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691; see also Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). While Plaintiff alleges ACH lacked adequate policies and procedures, he also appears to assert a separate claim for a direct constitutional violation by the defendant in Count 1 of his Complaint. See Compl. (Doc. No. 1), ¶¶ 45-47, 49, 52. To the extent that Plaintiff claims he was denied adequate medical care directly by ACH rather than as a result of some policy, practice, or custom of the Defendant, Count 1 fails as a matter of law and must be dismissed as against ACH.

**B. Plaintiff's Safe Place Claim Fails as a Matter of Law.**

In Count 4 of his Complaint, Plaintiff asserts ACH is liable for violating Wisconsin's safe place statute, Wis. Stat. § 101.11. The statute provides, in relevant part, that:

> Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. **Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe**.

Wis. Stat. § 101.11(1) (emphasis added).

4

"Wis. Stat. § 101.11(1)[] is a negligence statute that, rather than creating a distinct cause of action, instead establishes a duty greater than that of ordinary care imposed at common law." Barry v. Emplrs. Mut. Cas. Co., 245 Wis. 2d 560, 569, 630 N.W.2d 517 (2001) (internal citation omitted). "By its plain terms, the statute imposes three duties on employers and owners of places of employment or public buildings: the duty to construct, to repair, and to maintain a safe place of employment or public building." Id.; see also Wis JI-Civil 1900.4 (2016); Thomas v. Corr. Healthcare Cos., 2016 U.S. Dist. LEXIS 166683, at *15 (E.D. Wis. 2016) (Stadtmueller, J.) (unpublished) ("The Court begins, therefore, with the alleged source of [a defendant's] duty: the Wisconsin safe place statute. That statute sets forth a heightened duty on owners of public buildings to construct, repair, or maintain buildings safely."). "Safe place cases tend to focus on the property condition that caused the injury rather than on the duty that the property owner or employer breached." Id. at 570. "[T]he duty set forth by the statute requires an employer or owner to make the place 'as safe as the **nature of the premises** reasonably permits.'" Megal v. Green Bay Area Visitor & Convention Bureau, Inc., 274 Wis. 2d 162, 170, 682 N.W.2d 857 (2004) (quoting Strack v. Great Atl. & Pac. Tea Co., 35 Wis. 2d 51, 54, 150 N.W.2d 361 (1967)) (emphasis added).

"Whereas ordinary negligence pertains to acts, the safe place statute pertains to unsafe conditions." Ahnert v. Emplrs. Ins. Co., 2016 U.S. Dist. LEXIS 7706, at *22 (E.D. Wis. 2016) (Clevert, J.) (unpublished). "Wisconsin's safe place statute governs **only unsafe physical conditions of premises**. It does not involve reckless or negligent acts of persons on the premises." Hofflander v. St. Catherine's Hosp., Inc., 262 Wis. 2d 539, 594, 664 N.W.2d 545 (2003) (emphasis added); see also Deaton v. Unit Crane & Shovel Corp., 265 Wis. 349, 352-53, 61 N.W.2d 552 (1953); Gilson v. Drees Bros., 19 Wis. 2d 252, 257, 120 N.W.2d 63 (1963) ("The safe-place statute

5

deals with unsafe conditions and not with negligent acts as such."); Gross v. Denow, 61 Wis. 2d 40, 47, 212 N.W.2d 2 (1973); Megal, 274 Wis. 2d at 170; Pacific v. Costco Wholesale Corp., 2020 U.S. Dist. LEXIS 34307, at *9 (E.D. Wis. Feb. 28, 2020) (Joseph, M.J.) (unpublished) ("the safe-place statute addresses unsafe conditions, not negligent acts.").

Plaintiff claims that "[b]y failing to keep the provide adequate medical care to inmates at the Jail, County, Department, [ACH] and Aramark have violated the Wisconsin Safe-Place Statute, Wis. Stat. § 101.11." See Compl. (Doc. No. 1), ¶ 74. In doing so, he has pled himself out of court. As noted above, the Wisconsin Supreme Court and courts of this District have repeatedly held that the state safe place law does not address the acts of persons on the premises, only the conditions of the premises themselves. Rather than an unsafe physical condition of the Jail, Plaintiff's claims are solely based on purported medical negligence and/or unconstitutional acts by ACH employees who did not provide him with the treatment he believes was required. As such, Count 4 of Plaintiff's Complaint must be dismissed, with prejudice.

## V.    __CONCLUSION__

For all the foregoing reasons, ACH respectfully requests this Honorable Court grant its partial motion for dismissal of Plaintiff's Complaint and to dismiss Counts 1 and 4, *with prejudice*, and to enter any further relief deemed just and appropriate by the Court.

Respectfully submitted,

**LEIB KNOTT GAYNOR LLC**

Dated: <u>December 23, 2020</u>                    By: */s/ Charles R. Starnes*
Douglas S. Knott, SBN 1001600
Charles R. Starnes, SBN 1113293
Attorneys for Defendants Advanced Correctional
Healthcare, Inc. and Ashley Cromell
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax (414) 276-2140
Email  dknott@lkglaw.net
cstarnes@lkglaw.net