# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**JESSE CLUBB,**

      **Plaintiff,**

             Case No. 20-cv-1683

v.

**MARINETTE COUNTY,** *et al.*,

      **Defendants.**

## ANSWER OF DEFENDANT ASHLEY CROMELL
## TO PLAINTIFF'S COMPLAINT

Defendant Ashley Cromell (incorrectly identified in Plaintiff's Complaint and formerly known as "Ashley Eland") (hereinafter "Answering Defendant") by her attorneys, Leib Knott Gaynor LLC, answer Plaintiff's Complaint as follows:

1. Denied.

2. Denied. The averments of Paragraph 2 are conclusions of law to which no response is required and, accordingly, they are denied.

3. Denied.

4. Denied.

## THE PARTIES

5. Admitted in part, denied in part. It is admitted only that Plaintiff was incarcerated at the Marinette County Jail. Denied. The remaining averments of Paragraph 5 are factually denied and are conclusions of law to which no response is required and, accordingly, they are denied.

6. Denied. The averments of Paragraph 6 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

7. Denied. The averments of Paragraph 7 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

8. Denied. The averments of Paragraph 8 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

9. Denied. The averments of Paragraph 9 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

10. Denied. The averments of Paragraph 10 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

11. Denied. The averments of Paragraph 11 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

12. Admitted in part, denied in part. It is admitted only that Answering Defendant was employed by Defendant Advanced Correctional Healthcare, Inc., that she saw Plaintiff, and that she is a resident of Wisconsin. The remaining averments of Paragraph 12 are denied.

13. Denied. The averments of Paragraph 13 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

14. Denied. The averments of Paragraph 14 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

15. Denied. The averments of Paragraph 15 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

16. Denied. The averments of Paragraph 16 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

17. Denied. The averments of Paragraph 17 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

18. Denied. The averments of Paragraph 18 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

19. Denied. The averments of Paragraph 19 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

20. Denied. The averments of Paragraph 20 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

21. Denied. The averments of Paragraph 21 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

22. Denied. The averments of Paragraph 22 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

23. Denied. The averments of Paragraph 23 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

24. Denied. The averments of Paragraph 24 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

25. Denied. The averments of Paragraph 25 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

## STATEMENT OF FACTS

26. Denied.

27. Denied.

28. Denied. The averments of Paragraph 28 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

29. Denied. The averments of Paragraph 29 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied. The averments of Paragraph 36 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

37. Denied.

38. Denied.

39. Denied. The averments of Paragraph 39 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

40. Denied.

41. Denied.

### COUNT 1
### Deliberate Medical Indifference/Failure to Provide
### Adequate Medical Treatment - 42 U.S.C. § 1983
### (Against County Defendants and Advanced)

42. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 41 above inclusive as though set forth at length herein.

43. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 42 above inclusive as though set forth at length herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT 2
### Failure to Train and Supervise
### (Against County, Department and Sauve – pursuant to Wis. Stat. § 1983)

55. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 54 above inclusive as though set forth at length herein.

56. Denied. The averments of Paragraph 56 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

5

## COUNT 3
### Negligence
### (Against all non-Insurance Defendants)

61. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 60 above inclusive as though set forth at length herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT 4
### Violation of Wis. Stat. 101.11 (Safe Place Claim)
### (Against County Defendants, Advanced and Aramark)

69. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 68 above inclusive as though set forth at length herein.

70. Denied. The averments of Paragraph 70 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

71. Denied. The averments of Paragraph 71 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

72. Denied. The averments of Paragraph 72 are conclusions of law to which no response is required and, accordingly, they are denied.

73. Denied. The averments of Paragraph 73 are conclusions of law to which no response is required and, accordingly, they are denied.

74. Denied.

75. Denied.

## COUNT 5
## Municipal (Monell) Liability
### (Against County, Sauve and Advanced – pursuant to Wis. Stat. § 1983)

76. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 75 above inclusive as though set forth at length herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT 6
## State Law Indemnification
### (Against Defendant Washington County)

82. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 81 above inclusive as though set forth at length herein.

83. Denied. The averments of Paragraph 83 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

84. Denied. The averments of Paragraph 84 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

## COUNT 7
## Direct Action Statute – Wis. Stat. § 632.24
### (Against Defendant Insurance Companies)

85. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 84 above inclusive as though set forth at length herein.

86. Denied. The averments of Paragraph 86 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

87. Denied. The averments of Paragraph 87 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

88. Denied. The averments of Paragraph 88 are directed to unidentified parties other than the Answering Defendant and, accordingly, they are denied.

## COUNT 8
### Negligence
### (Against Aramark)

89. Answering Defendant incorporates herein by reference her answers to Paragraphs 1 through 88 above inclusive as though set forth at length herein.

90. Denied. The averments of Paragraph 90 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

91. Denied. The averments of Paragraph 91 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

92. Denied. The averments of Paragraph 92 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

93. Denied. The averments of Paragraph 93 are directed to parties other than the Answering Defendant and, accordingly, they are denied.

Plaintiff's *ad damnum*. Denied.

WHEREFORE, Answering Defendant demands judgment in her favor and against the Plaintiff and requests that Answering Defendant be awarded such other relief, together with costs and interest, as the court deems appropriate.

## **AFFIRMATIVE DEFENSES**

Pursuant to the Federal Rules of Civil Procedure, which require Answering Defendant to allege affirmative defenses and/or motions to dismiss so as to preserve them, Answering Defendant alleges on information and belief as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted. Answering Defendant reserves the right to move, at or before the time of trial, to dismiss the Complaint for failure to state a claim upon which relief may be granted.

2. No act or failure to act on the part of the Answering Defendant violated any constitutional rights of Plaintiff.

3. At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the State of Wisconsin.

4. At no time material hereto did the Answering Defendant act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

5. Plaintiff suffered no injury or damages as a result of any improper acts or omissions by Answering Defendant.

6. Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's and/or a third-party's conduct.

7. Plaintiff assumed the risk of harm by his own conduct.

8. Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

9. At all times material hereto, the actions of Answering Defendant were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

10. Plaintiff's claim for punitive damages is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the State of Wisconsin.

11. Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

12. At no time material hereto was Answering Defendant deliberately indifferent to the health, safety or constitutional rights of Plaintiff.

13. At all times material hereto, Answering Defendant provided medical treatment which conformed to the applicable standard of care.

14. Plaintiff cannot demonstrate deliberate indifference to a serious medical condition.

15. Plaintiff's claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

16. Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

17. Plaintiff failed to exhaust his available administrative remedies.

18. Plaintiff's claims and/or alleged losses are barred by the applicable statute of limitations.

19. Plaintiff has failed to state a basis for injunctive relief.

20. Plaintiff has failed to allege any irreparable harm.

21. The alleged negligence and/or deliberate indifference of Answering Defendant did not cause Plaintiff to suffer any injury.

22. Answering Defendant is immune from all or part of the claims set forth in Plaintiff's Complaint.

23. Plaintiff was a non-compliant patient.

24. Plaintiff's claims and/or alleged losses are limited or barred by the two schools of thought doctrine.

25. When providing treatment to Plaintiff, Answering Defendant utilized her best professional judgment.

26. Any alleged negligence on the part of Answering Defendant, which negligence is expressly denied, was not the factual cause of any harm suffered by Plaintiff.

27. The Court lacks jurisdiction over Answering Defendant by virtue of defective and insufficient service of process.

28. Answering Defendant acted in good faith with the good faith belief that all of her actions were necessary and reasonable for the discharge of the duties and obligations of her position.

29. Plaintiff's condition was the result of pre-existing injury or natural disease progression beyond the control of, and unrelated to the acts, omissions or conduct of Answering Defendant.

30. Plaintiff failed to mitigate his damages as required by law.

31. Answering Defendant is entitled to qualified immunity from trial and liability.

32. To the extent that any state law claims are made, Answering Defendant is entitled to immunity from liability under Wis. Stat. § 893.80(4) and the doctrine of good faith immunity.

33. Any and all alleged damages the Plaintiff sustained are barred by and contrary to public policy.

34. Plaintiff's claims are barred by the doctrine of laches.

35. Plaintiff's claim for punitive damages, if recognized, must fail as the Answering Defendant did not act with malice or reckless indifference to Plaintiff's rights.

36. Plaintiff's claims are the result of the conduct of third persons over whom Answering Defendant had no control, authority or responsibility.

37. Plaintiff's claims are subject to the limitations and procedural requirements of Chapter 655 and Wis. Stat. § 893.55, including the limitation on damages set forth therein.

38. Some or all of Plaintiff's claims are barred by the doctrine of waiver.

39. Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

40. Answering Defendant is entitled to qualified, good faith, and/or absolute immunity.

41. Plaintiff's claims are barred or limited by *res judicata*.

42. Plaintiff's Complaint fails to state a cause of action for punitive damages against Answering Defendant.

43. At no time material hereto did Answering Defendant act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiffs' health, safety and welfare.

44. This Court lacks subject matter jurisdiction over Plaintiff's claims.

45. Answering Defendant hereby reserves the right to amend this pleading, to bring any other party, and/or to raise any other affirmative defense, according to the established procedure, that arises as a result of discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, this Answering Defendant prays for judgment against Plaintiff, as follows:

1. That judgment be awarded in favor of Answering Defendant and against Plaintiff, and that the Complaint be dismissed with prejudice;

2. That this Answering Defendant be awarded her costs of suit;

3. That this Answering Defendant be awarded her reasonable attorneys' fees as may be determined by this Court; and

4. For such other and further relief as the Court shall deem just and proper.

**THIS ANSWERING DEFENDANT HEREBY DEMANDS A TRIAL BY JURY**

Respectfully submitted,

**LEIB KNOTT GAYNOR LLC**

Dated: December 23, 2020  By: */s/ Charles R. Starnes*
Douglas S. Knott, SBN 1001600
Charles R. Starnes, SBN 1113293
Attorneys for Defendants Advanced Correctional Healthcare, Inc. and Ashley Cromell
219 N. Milwaukee Street, Suite 710
Milwaukee, WI 53202
Telephone: (414) 276-2102
Fax (414) 276-2140
Email  dknott@lkglaw.net
cstarnes@lkglaw.net