IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JESSE CLUBB,

    Plaintiff,   Case No: 20-CV-1683

Vs.

MARINETTE COUNTY, SHERIFF JERRY SAUVE,
JOHN DOES 1-10, ADVANCED CORRECTIONAL
HEALTHCARE, INC., BRIAN WRUK,
ASHLEY ELAND, DOCTORS 1-10, NURSES 1-10,
WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY, ARAMARK SERVICES, INC.,
ABC INSURANCE COMPANY, DEF INSURANCE
COMPANY, GHI INSURANCE COMPANY, and
JKL INSURANCE COMPANY,

    Defendants.

## ARAMARK CORRECTIONAL SERVICES, LLC'S
## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Aramark Correctional Services, LLC, by its attorneys, respectfully submits this Brief in support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

### INTRODUCTION

Plaintiff Jesse Clubb injured a tooth when he bit into a piece of hard plastic during dinner at the Marinette County Jail on September 13, 2018. The vast majority of Mr. Clubb's claims relate to the dental care he received after this incident. Yet when he brought his Complaint, Mr. Clubb included negligence and safe place claims against Aramark, the Jail's food service provider. Mr. Clubb is unable to show any duty Aramark had, let alone breached, that would lead

to liability for Mr. Clubb's injury, and the safe place statute does not apply to Aramark's role at the Jail.

## BACKGROUND

Plaintiff Jesse Clubb is a former inmate of the Marinette County Jail. (Defendant's Proposed Findings of Fact ("DPFOF"), ¶ 1.) On September 13, 2018, Mr. Clubb received his dinner tray and used an orange plastic spork to take his first bite of broccoli and cauliflower. (DPFOF, ¶¶ 4-7.) Mr. Clubb bit down on something hard, and he felt his "tooth crack and it just hurt right away." (DPFOF, ¶¶ 5, 8.) Mr. Clubb felt his tooth break, but a piece of his tooth did not come out when he spit the food out; he thinks he swallowed it. (DPFOF, ¶ 16.)

Mr. Clubb could not see the object on his spork when he took the bite of food. (DPFOF, ¶ 9.) After he spit the bite out, he saw a black or brown piece of what appeared to be plastic. (DPFOF, ¶¶ 8, 11-13.) Mr. Clubb estimated that the item was "something like" one inch by one inch and "rounded on the edge like a cutting board would be," like a triangle with one rounded edge. (DPFOF, ¶¶ 12, 14-15.)

After this incident, Mr. Clubb said, "What the hell is that?" to the person sitting in front of him. (DPFOF, ¶ 17.) He got up and went to the door or tray slot and said, "There was something in my tray." (DPFOF, ¶ 18.) He gave the officer "the piece of whatever it was," and he doesn't know what happened to it after that. (DPFOF, ¶ 19.) Mr. Clubb asked the officer, "Can I have that piece back because I want that for evidence of the - - that was in my tray," but the officer said, "no, that it's contraband." (DPFOF, ¶ 20.) The officer did not tell Mr. Clubb what he was going to do with the piece, and Mr. Clubb did not see the officer walk away or go anywhere. (DPFOF, ¶ 21.)

Mr. Clubb filed an Inmate Grievance Form the next day, but he never communicated with any Aramark employee regarding this incident. (DPFOF, ¶¶ 22, 25.) Aramark provided food services at the Marinette County Jail. (DPFOF, ¶ 2.)

Almost a year later, after an open records request was filed, Jail Administrator Bob Majewski asked Sergeant Brian Wruk: "Do you remember if you were given anything?" (DPFOF, ¶ 26.) Sergeant Wruk responded: "I do recall him giving me a piece of plastic that he claimed to have found on his tray. The item was turned over to the kitchen and that is the last that I saw of it." (DPFOF, ¶ 27.)

## ARGUMENT

There are three claims in Mr. Clubb's Complaint that could arguably include Aramark. Counts 3 and 8 are common law negligence claims, though it is questionable whether Count 3 really includes Aramark since it alleges a failure to provide "adequate medical care," which is far outside Aramark's scope of service at the Jail. Additionally, Count 4 sets forth a violation of the Wisconsin Safe Place Statute and includes Aramark. Mr. Clubb summarily concludes that Aramark is considered an "employer" under that statute, but concedes that Aramark is not an "owner" of the property. Aramark is entitled to summary judgment on all these claims because it owed no duty and breached no duty to Mr. Clubb regarding any foreseeable injury, and because the Wisconsin Safe Place Statute does not apply to Mr. Clubb's claims against Aramark.

### I. Summary Judgment Standard

Summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56. A material fact is one that is dispositive to the controlling legal issues—all other facts are irrelevant. *Id.* at 248. A fact dispute is genuine if a

reasonable jury could return a verdict in favor of the nonmoving party. *Id.* When a properly supported motion for summary judgment is brought, the opposing party has the burden to set forth specific facts demonstrating a genuine issue as to a material fact. *Id.* at 250. Evidence sufficient to oppose summary judgment must be significantly probative and more than merely colorable, based on personal knowledge and presented in a form that could be admissible at trial. *Id.* at 249.; *see also Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (speculation, hunches, intuitions, rumors, and flights of fancy are insufficient, and opposition cannot be grounded on the possibility of impeaching the moving party's witnesses at trial).

## II. Aramark Cannot Be Held Liable For Common Law Negligence

Under Wisconsin law, a negligence claim involves four elements: "(1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the [breach]." *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 23, 291 Wis. 2d 283, 717 N.W.2d 17 (quoting *Gritzner v. Michael R.*, 2000 WI 68, ¶ 19, 235 Wis. 2d 781, 611 N.W.2d 906).

Count 3 is a negligence claim that purportedly includes "all non-insurance defendants," but it then alleges that these defendants failed to provide "adequate medical care." Since Aramark had no involvement in medical care, Aramark is entitled to summary judgment on this claim.

In Count 8, Mr. Clubb alleges that Aramark, as the food provider to the Jail, owed Clubb and the other inmates a duty to ensure that foreign objects, such as pieces of the hard plastic cutting board, did not get into the food of the inmates at the Jail. (ECF No. 1, ¶ 90.) Mr. Clubb contends that Aramark breached this duty "by failing to prevent foreign objects from getting into

the food supplied to Clubb and the other inmates." Mr. Clubb submits that if Aramark had inspected all of its cutting boards, it would have discovered that one was heavily damaged and it would have searched for the missing piece and thus prevented the possibility of injury to Jail inmates if the piece ended up in food.

   A.   **Aramark did not owe a duty to plaintiff**

In order to succeed on a claim for negligence against Aramark, Mr. Clubb must show that Aramark owed a duty to him [or other prisoners] to warn of a hazardous condition. Negligence exists where there is a duty owed to a person or property and this duty is breached by conduct which is not intentional in nature. *See A.E. Investment v. Link Builders, Inc.*, 62 Wis. 2d 479, 484, 214 N.W.2d 764 (1974). While in Wisconsin everyone arguably "has a duty of care to the whole world," the concept of duty is dependent upon foreseeability. *Miller v. Wal-Mart Stores, Inc.*, 219 Wis.2d 250, 260, 580 N.W.2d 233 (1998). "[T]he proper analysis of duty in Wisconsin is as follows: 'The duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person or harmed interest is unknown at the time of the act.'" *Rockweit*, 197 Wis.2d at 419-420, quoting *A.E. Investment Corp. v. Link Builders, Inc.*, 62 Wis.2d 479, 483-84, 214 N.W.2d 764 (1974). Notice, actual or constructive, is required to trigger the duty involved in negligence actions. *Rosario v. Acuity*, 304 Wis.2d 713, 727, 738 N.W.2d 608 (Ct. App. 2007); *Nelson v. L. & J Press Corp.*, 65 Wis.2d 770, 780, 223 N.W.2d 607, 612 (1974).

Even assuming that what Mr. Clubb bit into was a piece of plastic from a cutting board, Aramark had no duty (statutory, contractual, or otherwise) to inspect its cutting boards, let alone at any specific intervals of time. Aramark had neither actual nor constructive knowledge of the condition of its cutting boards, or of pieces of plastic in inmate food and, therefore, no duty to

warn Mr. Clubb or other inmates about the potential for a piece of plastic in inmate food on September 13, 2018.

> **B.** **Plaintiff has failed to demonstrate evidence of negligence/breach of duty**

In order to prove its case, the plaintiff "must produce some evidence that defendants' negligence more probably than not caused the plaintiffs' damages." *Beacon Bowl v. Wisconsin Elec. Power Co.*, 176 Wis. 2d 740,783 501 N.W.2d 788 (1993) (emphasis supplied). A finding of negligence must have a reasonable basis and cannot be based on mere speculation or conjecture. *See Fischer v. Cleveland Punch & Shear Works*, 91 Wis. 2d 85, 92, 280 N.W.2d 280 (1979). A mere possibility is not enough. *See Merco Distributing Corp. v. Commercial Police Alarm Co., Inc.*, 84 Wis. 2d 455,460,267 N.W.2d 652 (1978), citing Prosser, Law of Torts 241 (4th ed. 1971). To oppose a summary judgment motion, the plaintiff can no longer rely on the bare allegations of the complaint and must bring forth evidentiary facts that would establish some basis for a negligence claim against the defendant. *See Larson v. Kleist Builders, Ltd.*, 203 Wis.2d 341,345, 553 N.W.2d 281 (Ct. App. 1996).

There is absolutely no evidence in this matter that Aramark had any knowledge about any problems with any cutting boards or any other pieces of plastic that might find their way into an inmate's food. In fact, there is no evidence specifically regarding what the item was that Mr. Clubb alleges he bit into and broke his teeth. Mr. Clubb testified that he has no personal knowledge that the piece of plastic came from a cutting board. (DPFOF, ¶ 23.) Without any notification to Aramark about a potential problem, there was no way for Aramark to foresee a defective or dangerous condition existing in inmate meals.

Additionally, because Mr. Clubb cannot produce any specific evidence in this regard, any finding against Aramark would be based on speculation and conjecture. Mr. Clubb has the

burden to produce evidence of defendant's negligence. Absent such evidence, Mr. Clubb's negligence claims against Aramark should therefore be dismissed in their entirety.

### III. Aramark Cannot Be Held Liable Under Wisconsin's Safe Place Statute

Wisconsin's Safe Place Statute provides:

> Every employer shall furnish employment which shall be safe for ... [the] frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe.

Wis. Stat. § 101.11.

"Wisconsin's safe-place statute is a negligence statute that imposes a heightened duty on building owners and employers to construct, repair, and maintain buildings safely." *Honorato v. Mt. Olympus Enterprises, Inc.*, No. 20-CV-903-JDP, 2021 WL 6072549, at *3 (W.D. Wis. Dec. 23, 2021) (citing *Mair v. Trollhaugen Ski Resort*, 2006 WI 61, ¶ 19, 291 Wis. 2d 132, 145, 715 N.W.2d 598, 604).

> The safe-place statute applies to claims relating to unsafe conditions found at property covered by the statute. A common-law claim of negligence applies to the acts that are alleged to have produced the unsafe conditions. Under the right circumstances, a plaintiff may bring both types of claims based on the same unsafe condition.

*Honorato*, 2021 WL 6072549, at *3 (citing *Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 2004 WI 98, ¶ 23, 274 Wis. 2d 162, 682 N.W.2d 857).

> The safe-place statute applies differently depending on the types of unsafe condition that arises from a breach of the duty to maintain a safe place. The three types of unsafe conditions are "structural defects," "unsafe conditions associated with the structure," or "unsafe conditions unrelated to the structure."

*Honorato*, 2021 WL 6072549, at *3 (citing *Barry v. Emps. Mut. Cas. Co.*, 2001 WI 101, ¶ 21, n.4, 245 Wis. 2d 560, 570, 630 N.W.2d 517, 522).

To make out a claim under the Safe Place Statute, Plaintiff must prove: "(1) there was an unsafe condition associated with premises; (2) the unsafe condition caused injury; and (3) Defendant had either actual or constructive notice of the unsafe condition before injury." *Hofflander v. St. Catherine's Hosp., Inc.*, 2003 WI 77, ¶89, 262 Wis. 2d 539, 664 N.W.2d 545. Wisconsin's Safe Place Statute applies only to those with the requisite control, and this duty is non-delegable; the non-delegable nature of the duty means that one in control cannot shift liability for violations to a third party. *Umansky v. ABC Ins. Co.*, 313 Wis.2d 445, 467, 756 N.W.2d 601 (Ct. App. 2008).

Aramark makes a conclusory allegation that Aramark is considered an "employer" as that term is defined in Wis. Stat. § 101.11.[1] (ECF No. 1, ¶ 70.) Mr. Clubb does not allege that Aramark was an "owner" of the property. (ECF No. 1, ¶ 71.) In this case, it is undisputed that Aramark was not the owner or occupier of the premises where the incident occurred. Aramark had no control over the premises. Aramark is therefore not subject to Wisconsin's Safe Place Statute under the circumstances of this case.

Further, the Safe Place Statute does not apply to Mr. Clubb's claims because his claims allege negligence actions that resulted in a hard plastic piece in his food, not a problem with the premises at the Jail. Wisconsin's Safe Place Statute governs unsafe physical conditions of premises and does not apply to negligent acts of persons on the premises. *See Hofflander v. St. Catherine's Hospital, Inc.*, 2003 WI 77, ¶ 91, 262 Wis. 2d 539, 644 N.W.2d 545. "[T]he court has made a distinction between 'condition' of the premises and 'acts of operation.' Injuries

---

[1] It is worth noting that although Mr. Clubb worked in the kitchen at the Jail later in his incarceration, he was never employed by Aramark and was not working in the Jail kitchen at the time of this incident. (DPFOF, ¶ 24.)

caused by the unsafe 'conditions' of an employer's premises come within the meaning of the safe-place statute while injuries caused by negligent or inadvertent acts do not." *Stefanovich v. Iowa National Mutual Insurance Company*, 86 Wis. 2d 161, 171, 271 N.W.2d 867 (1978). "The Safe-Place Statute has no application to such acts of operation." *Deaton v. Unit Crane & Shovel Corp.*, 265 Wis. 349, 353, 61 N.W.2d 552, 554 (1953).

It is also an open question whether the Wisconsin Safe Place Statute applies to public entities or places, such as the Marinette County Jail, at all. *Ribarich v. United States*, No. 14-CV-735-BBC, 2015 WL 1321661, at *3 (W.D. Wis. Mar. 24, 2015) (citing cases discussing whether institutions operated by governmental organizations are places of employment under the statute).

In any event, under the statute, an "owner is deemed to have constructive notice of a defect or unsafe condition when that defect or condition has existed a long enough time for a reasonably vigilant owner to discover and repair it." *Correa v. Woodman's Food Mkt.*, 2020 WI 43, ¶ 13, 391 Wis. 2d 651, 943 N.W.2d 535 (quoting *Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 2004 WI 98, ¶12, 274 Wis. 2d 162, 682 N.W.2d 857). "How long that must be is a fact intensive question." *Id.* Here, the analysis does not get that far because there is no allegation of notice of a defect or unsafe condition. Nor is there any evidence that there had ever been pieces of plastic in food before so there was no foreseeability or ability for Aramark to have constructive notice.

Finally, Aramark notes that the Complaint alleges:

> By failing to keep the provide adequate medical care to inmates at the Jail, County, Department, Advanced and Aramark have violated the Wisconsin Safe-Place Statute, Wis. Stat. § 101.11.

(ECF No. 1, ¶ 74.) Once again, this allegation regarding medical care has nothing to do with Aramark's role or scope of services at the Jail.

# CONCLUSION

For all of the factual and legal reasons stated above, Aramark respectfully requests that the Court grant its Motion for Summary Judgment and enter judgment dismissing Plaintiff's claims on the merits.

Dated this 31st day of May, 2022.

        BY: */s/Agatha K. Raynor*
        JEFFERY T. NICHOLS
        State Bar No. 1001631
        AGATHA K. RAYNOR
        State Bar No. 1032687
        CRIVELLO CARLSON, S.C.
        Attorneys for Aramark Correctional Services, LLC
        710 North Plankinton Avenue, Suite 500
        Milwaukee, WI 53203
        Phone: (414) 271-7722
        Fax: (414) 271-4438
        Email: jnichols@crivellocarlson.com
        araynor@crivellocarlson.com