IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JESSE CLUBB,

    Plaintiff,

Vs.

MARINETTE COUNTY, SHERIFF JERRY SAUVE,
JOHN DOES 1-10, ADVANCED CORRECTIONAL
HEALTHCARE, INC., BRIAN WRUK,
ASHLEY ELAND, DOCTORS 1-10, NURSES 1-10,
WISCONSIN COUNTY MUTUAL INSURANCE
COMPANY, ARAMARK SERVICES, INC.,
ABC INSURANCE COMPANY, DEF INSURANCE
COMPANY, GHI INSURANCE COMPANY, and
JKL INSURANCE COMPANY,

    Defendants.

Case No: 20-CV-1683

---

**ARAMARK CORRECTIONAL SERVICES, LLC'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT IN OPPOSITION TO ALL DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

---

Defendant, Aramark Correctional Services, LLC ("Aramark"), by its attorneys, Crivello Carlson, S.C., hereby respectfully submit the following Responses to Plaintiff's Proposed Findings of Fact in Opposition to All Defendants' Motions for Summary Judgment (Dkt. No. 70).

    1.    During the time period prior to November 30, 2018, Plaintiff Jesse Clubb was a pretrial detainee. Declaration of Nathaniel Cade, Jr. ("Cade Dec."), at Ex 1.

    **ARAMARK'S RESPONSE No. 1**: Aramark defers to and incorporates by reference any response of County Defendants. This proposed fact is not material fact and does not preclude summary judgment in favor of Aramark.

1

2. The applicable Marinette County Jail Policies in effect at the time of Plaintiff's incarceration, and produced in discovery, are 52 pages. Cade Decl., Ex. 2.

**ARAMARK'S RESPONSE NO. 2**: Aramark defers to and incorporates by reference any response of County Defendants. This proposed fact is not material fact and does not preclude summary judgment in favor of Aramark.

3. Defendant Aramark did not have any written policies as to the disposal of cutting boards. This proposed fact does not preclude summary judgment in favor of Aramark.

**ARAMARK'S RESPONSE NO. 3**: Disputed. Aramark's response was that it does not have a formal written policy specific to cutting boards. This proposed fact does not preclude summary judgment in favor of Aramark.

4. Defendant Aramark has failed to identify whether any non-food items, such as a cutting board, was purchased between September 10, 2018 and October 31, 2018. Cade Decl., Ex. 3, at Interrogatory No. 8.

**ARAMARK'S RESPONSE NO. 4**: Undisputed. This proposed fact does not preclude summary judgment in favor of Aramark.

5. Plaintiff submitted an inmate grievance form on September 14, 2018, the day after he broke his tooth, and in that grievance, he indicated that he broke his tooth, he told Sgt. Wruk, Sgt. Wruk took the cutting board from him, and no further action was taken by Sgt. Wruk, and he was not given medical attention or looked at [by Sgt. Wruk]. Complaint (Dkt. 1-2), Ex. 2.

**ARAMARK'S RESPONSE NO. 5**: Aramark defers to and incorporates by reference any response of County Defendants. This proposed fact is not material fact and does not preclude summary judgment in favor of Aramark.

6. Aramark's responses to the First Set of Interrogatories were sent over 14 months late.

**ARAMARK'S RESPONSE NO. 6**: Disputed. Aramark provided responsive information at an earlier date. This proposed fact does not preclude summary judgment in favor of Aramark.

Dated this 14th day of July, 2022.

BY: */s/Agatha K. Raynor*
JEFFERY T. NICHOLS
State Bar No. 1001631
AGATHA K. RAYNOR
State Bar No. 1032687
CRIVELLO CARLSON, S.C.
Attorneys for Aramark Correctional Services, LLC
710 North Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
Email: jnichols@crivellocarlson.com
araynor@crivellocarlson.com